**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ALANDRE GONEL,**<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>**ESSEX COUNTY COLLEGE,**<br><br>　　　　　　Defendant. | **Civil Action No. 25-950 (SDW) (JSA)**<br><br>**OPINION & ORDER** |

**ALLEN, U.S.M.J.**

Presently before the Court is the motion of Stewart Lee Karlin Law Group, P.C. ("Movant" or "law firm"), seeking to withdraw as counsel for Plaintiff Alandre Gonel. (ECF No. 13). Plaintiff filed a response, requesting additional time to retain new counsel while not apparently opposing the motion to withdraw. (ECF No. 15). The official docket confirms that Defendant Essex County College did not submit any opposition. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Having considered all of the parties' submissions, and for the reasons set forth below, and for good cause shown, the motion to withdraw is **GRANTED**.

**I.　　BACKGROUND**

On February 3, 2025, Plaintiff initiated this action, alleging Defendant unlawfully expelled Plaintiff from Essex County College's nursing program based on his race and national origin, in violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000(d) *et seq.* and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (*See generally* ECF No. 1). The Complaint also includes a common law count for slander. (*Id.* ¶¶ 93–101). On April 17, 2025,

Defendant filed a motion to dismiss the Complaint. (ECF No. 5).

After the motion to dismiss was fully briefed, the Court received a letter from Plaintiff dated June 11, 2025, wherein he appears to take issue with Movant's representation of him in this matter.[1] In response to the June 11th letter, the Court scheduled a Telephonic Case Management Conference for July 2, 2025. (ECF No. 12). On the day before the scheduled conference, Movant filed the instant motion, stemming from a purported breakdown in communication between the law firm and Plaintiff. According to Movant, the relationship is beyond repair, and thus seeks to withdraw from the case. During the July 2nd Conference, Plaintiff and defense counsel both indicated that they may oppose the motion. As memorialized in an order entered immediately following the Conference, any opposition had to be filed on or before July 21, 2025 and any reply had to be filed on or before July 28, 2025. (ECF No. 14). The Court also directed Movant to provide a copy of the July 2nd Order to Plaintiff. (*Id.*).

No opposition was filed opposition by the court ordered deadline. Rather, on July 17, 2025, Plaintiff filed a letter, advising the Court that he has been actively seeking new legal counsel without success and requesting until July 31, 2025 to notify the Court of the name of his new attorney or confirm that Plaintiff will be representing himself *pro se*. (ECF No. 15).

**II.     THE INSTANT MOTION**

In support of the motion, Daniel E. Dugan, Esq., an attorney with the Movant law firm submitted a certification raising two key arguments. (*See generally* Counsel Cert., ECF No. 13-1). First, a breakdown in communication has occurred between Movant and Plaintiff as demonstrated by Plaintiff's June 11th letter to the Court. (*Id.* ¶ 5-12). Movant certifies that

---

[1] Since the June 11th letter arguably reveals attorney-client privileged communications, out of an abundance of caution, the Court did not direct Plaintiff's June 11th letter to be filed on the official court docket.

"[s]ignificant and irreconcilable differences have arisen between [Movant] and Plaintiff," (*id.* ¶ 4), rendering their "relationship . . . beyond repair." (*Id.* ¶ 12). Second, Plaintiff has "repeated[ly] engage[d] in inappropriate behaviors despite explicit instructions from counsel to the contrary." (*Id.* ¶ 15). According to Movant, Plaintiff has directly contacted Defendant without defense counsel present and repeatedly "arriv[ed] in-person at [counsel's] offices without an appointment, refusing to leave the building[,] requiring removal from the building by security, and verbally abusing staff." (*Id.* ¶¶ 16–17). Movant also submits that after Plaintiff provided a copy of his June 11th letter to Movant, the law firm informed Plaintiff of its intention to seek leave to withdraw, "based upon the contents of the letter and his continued behavior . . . ." (*Id.* ¶ 8).

### III. DISCUSSION

Local Civil Rule 102.1 provides, in relevant part, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." L. Civ. R. 102.1. Other courts in this District have recognized "'[w]hether to permit an attorney to withdraw is within the discretion of a court.'" *Mazariegos v. Monmouth Cty. Corr. Inst.*, Civ. No. 12-5626, 2017 U.S. Dist. LEXIS 211786, at *5 (D.N.J. Dec. 27, 2017) (citation omitted); *see also Cuadra v. Univision Communs., Inc.*, Civ. No. 09-4946, 2012 U.S. Dist. LEXIS 48431, at *14 (D.N.J. Apr. 4, 2012). Further, under Local Civil Rule 103.1, the New Jersey Rules of Professional Conduct ("RPC") govern the conduct of attorneys before the District of New Jersey. L. Civ. R. 103.1(a); *accord In re Congoleum Corp.,* 426 F.3d 675, 687 (3d Cir. 2005) (citing *United States v. Balter*, 91 F.3d 427, 435 (3d Cir. 1996)); *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993).

As such, in reviewing a motion to withdraw, courts in this District apply RPC 1.16, which governs an attorney's withdrawal from client representation. Subsection (b) of RPC 1.16 addresses the grounds on which an attorney may be permitted to withdraw from representing a client as

follows:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause shown for withdrawal exists.

RPC 1.16(b).

Further, subsection (d) of RPC 1.16 provides, in relevant part, that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for reemployment of other counsel, surrendering papers and property to which the client is entitled . . . ." RPC 1.16(d).

Guided by RPC 1.16(b), courts in this District consider four criteria in evaluating a motion to withdraw:

> (1) the reasons why withdrawal is sought,
>
> (2) the prejudice withdrawal may cause to litigants,

> (3) the harm withdrawal might cause to the administration of justice and
>
> (4) the degree to which withdrawal will delay resolution of the case.

*Haines*, 814 F. Supp. at 423 (citation omitted); *see also U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Here, in considering the foregoing factors, this Court finds that permitting Movant to withdraw as counsel for Plaintiff is warranted. Based on this Court's evaluation of the motion, it appears that "the relationship between counsel and client has deteriorated to the point where the lawyer and client are at total odds, [and thus] withdrawal is often in the client's best interest." *Hamor v. Springpoint at Montgomery*, No. A-5537-18T2, 2020 N.J. Super. Unpub. LEXIS 2397, at *6-7 (N.J. Super. Ct. App. Div. Dec. 15, 2020) (citing *Tax Auth., Inc. v. Jackson Hewitt, Inc.*, 377 N.J. Super. 493, 501 n.4 (App. Div. 2005), *rev'd on other grounds*, 187 N.J. 4 (2006)). Movant certifies that Plaintiff has, despite being represented by counsel and instructed not to communicate directly with Defendant, refused to heed Movant's advice or follow instructions. Further, Movant alleges that Plaintiff repeatedly arrived unannounced at counsel's office, refused to leave, and "verbally abus[ed] staff." (ECF No. 13-1 at ¶¶ 16–17). These allegations in conjunction with Plaintiff's purported concerns about Movant's legal representation to date as detailed in his June 11th letter further demonstrate that the attorney-client relationship has worsened beyond repair. (*Id.* ¶¶ 16–17). Finally, Plaintiff's July 17th letter confirms he is actively searching for new counsel. As such, it appears Plaintiff does not oppose the motion, further demonstrating the fundamental breakdown in the relationship between attorney and client.

The Court is cognizant that permitting Movant to withdraw may cause delay here. That delay, however, will not materially impact or prejudice any of the parties. Defendant's motion to

dismiss is pending before the Honorable Susan D. Wigenton, U.S.D.J. (ECF No. 5). The Court has not yet held an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16, and discovery has not begun. Finally, there is no date for a final pretrial conference or trial set in this matter. Thus, any new counsel for Plaintiff could reasonably familiarize him or herself with the case without causing substantial delay. And if Plaintiff ultimately represents himself, there will be no delay since he surely is familiar with his own case. Courts have permitted withdrawal under similar circumstances. *See U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc.,* 994 F. Supp. at 252-53 (granting leave to withdraw where no prejudice to any party was shown, the final pretrial order had not been entered nor a trial date scheduled, and where counsel and client had become "mired in an ongoing fee dispute which had affected their working relationship"); *see also Marlowe Patent Holdings v. Dice Elecs.*, Civ. No. 10-1199, 2013 U.S. Dist. LEXIS 84599, at *8 (D.N.J. June 17, 2013) (granting motion to withdraw as counsel where client had not paid legal fees and court deemed client had "sufficient time and opportunity to seek new counsel without causing undue delay in the proceedings").

Given these facts, the Court does not see any prejudice to the parties. Withdrawal of counsel will not unduly delay this case. The Court finds that an additional thirty (30) days is a sufficient period of time for Plaintiff to secure new counsel without unduly delaying the progress of this case.

Accordingly, the Court finds that good cause exists to permit Movant's withdrawal of representation in this matter, pursuant to Local Civil Rule 102.1; and

**IT IS** on this 28th day of July, 2025,

**ORDERED** that the motion of the law firm of Stewart Lee Karlin Law Group, P.C. ("Movant"), seeking to withdraw as counsel for Plaintiff Alandre Gonel, (ECF No. 13), is hereby

**GRANTED**; and it is further

**ORDERED** that Movant shall serve a copy of this Order on Plaintiff by overnight and regular mail within three (3) business days of the date of this Order. Movant's withdrawal shall not be effective until service is complete and proof of service is filed on the Court's docket; and it is further

**ORDERED** that Movant shall provide the Court with Plaintiff's mailing address; and it is further

**ORDERED** that Plaintiff shall have until **August 28, 2025**, for new counsel to enter an appearance on his behalf or he will be deemed to be representing himself and proceeding *pro se*; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motion to Withdraw filed at ECF No. 13.

/s/ Jessica S. Allen
**HON. JESSICA S. ALLEN**
**United States Magistrate Judge**

cc: Hon. Susan D. Wigenton, U.S.D.J.